IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| | ) | |
| v. | ) | 1:19-cr-00036-MHC-JSA-1 |
| | ) | |
| HASHER JALLAL TAHEB | ) | |
| | ) | |

PRELIMINARY MOTION TO SUPPRESS EVIDENCE

COMES NOW the Defendant, HASHER JALLAL TAHEB, by and through undersigned counsel, and files this preliminary motion to suppress evidence.

(1)

Mr. Taheb was arraigned on February 1, 2019. [Doc. 16]. Pursuant to the Local Rules, discovery must be provided, upon request, at the time of arraignment. See N.D. Ga CrR. 16.1. In this case, discovery was requested at the time of arraignment. In response, the government produced 102 pages of discovery, comprising of three search warrants. To date, no other discovery has been produced.

(2)

As noted in Mr. Taheb's Motion for Discovery, there is some discovery that should not be considered "Sensitive Information" and should be produced to the defense. [Doc. 28, Exh. B]. While the defense has been mindful of the allegations

in this case and the fact that the case may involve sensitive materials, at this point, the defense is not able to ascertain what motions should be filed in this case.

(3)

F.R.CR.P. 12(4)(B) requires the government to provide notice to the defense of any evidence that may arguably be subject to suppression, so that the defense may move to suppress the evidence under Rule 12(b)(4)(C). This notice is typically given by providing the information in discovery.

(4)

The government has produced three search warrants in the case. However, without information relating to the securing of the search warrants, the defense cannot ascertain whether a motion to suppress evidence seized pursuant to the search warrants is appropriate.

(5)

Also, the defense is in the dark as to other evidence that may be subject to suppression, thus it cannot ascertain what motions to suppress may be appropriate.

(6)

This Motion is being filed as a Preliminary Motion, to comply with the requirements of N.D. Ga CrR. 12.1(B). Mr. Taheb does not waive the right to file any motions to suppress that may be appropriate in his case.

Dated:  This 16th day of April, 2019.

Respectfully submitted,

/s/Vionnette Johnson
VIONNETTE JOHNSON
Georgia Bar No. 601290

BRIAN MENDELSOHN
Georgia Bar No. 502031

FEDERAL DEFENDER PROGRAM, INC.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Vionnette_Johnson@fd.org
Brian_Mendelsohn@fd.org

AKIL K. SECRET
Georgia Bar No.

THE SECRET FIRM, P.C.
P.O. Box 91028
1691 Phoenix Boulevard
Suite 390
Atlanta, GA 30364
404-524-5300
asecret@thesecretfirm.com

Attorneys for Mr. Taheb

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing filing was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorney(s) of record.

Dated: This 16th day of April, 2019.

/s/Vionnette Johnson
VIONNETTE JOHNSON
Georgia Bar No. 601290
Attorney for Mr. Taheb