IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA    :

v.                                :    CRIMINAL CASE NO.

HASHER JALLAL TAHEB      :    1:19-cr-36-MHC-JSA

## **ORDER**

In a recorded teleconference on September 26, 2019, the undersigned advised counsel of a potential ground for judicial qualification in this case. Specifically, the undersigned advised that his current eight-year term as U.S. Magistrate Judge will expire on or about June 1, 2020; that he has expressed to the Chief Judge his willingness to be considered for re-appointment to another term; that the process for potential re-appointment will involve consideration by and input from the current Magistrate Judge Merit Selection Panel (the "Panel"), which consists of attorneys and other individuals appointed by the District Court to assist with selection decisions regarding Magistrate Judges; and that the undersigned understands that Mr. Akil Secret, one of the Defendant's appointed counsel in this case, is a member of the Panel that will likely consider the undersigned's re-appointment. The re-appointment process may include a period of public notice, consideration of material submitted in response to the public notice, and an

interview of the undersigned that may involve the members of the Panel, including

Mr. Secret.  This process will likely occur during the pendency of this criminal

case.[1]

Canon 3D of the Judicial Code of Conduct provides (with exceptions not

pertinent to this case) that when a Judge is disqualified in a proceeding because

"the judge's impartiality might reasonably be questioned," the Judge may

participate in the proceeding only if all the parties and lawyers, after notice of the

basis for the disqualification, have an opportunity to confer outside of the presence

of the Judge and all agree in writing or on the record to waive the disqualification

under a procedure independent of the Judge's participation.  This procedure is

similarly provided for in the judicial disqualification statute, 28 U.S.C. §§ 455(a)

& (e).

The undersigned has determined that the foregoing circumstances—by

which one of the attorneys participating in this case will likely have a role in

considering and giving input as to the undersigned's potential re-appointment to

the bench—would give rise to a reasonable question as to the undersigned's

impartiality in the case.  The undersigned has also concluded that this conflict is

---

[1] The undersigned understands that this process has not yet begun, but the undersigned is initiating this process in advance of the ripening of the conflict so as to foster the efficient resolution of this issue and to minimize any disruption to the case.

waivable by the parties and counsel pursuant to 28 U.S.C. § 455(e) and the Codes of Conduct.

Thus, unless a waiver is received from all parties and counsel, the undersigned intends to disqualify and recuse himself from this proceeding and direct that the case be re-assigned to another U.S. Magistrate Judge.

If all parties and counsel wish to waive the undersigned's grounds for disqualification, letters to that reflect must be received by the Court by **October 28, 2019**. A sample letter is enclosed. The letter should be signed and submitted by counsel as well as, in Defendant's case, by the Defendant himself, after consultation with counsel. The letters should not be sent to the undersigned and copies should not be sent to opposing counsel. **DO NOT FILE YOUR LETTER(S). SUBMIT DIRECTLY TO THE CLERK OF THE COURT**, via e-mail, to James N. Hatten, Clerk of District Court and District Executive, at James_Hatten@gand.uscourts.gov. Mr. Hatten will inform the undersigned if there is unanimous waiver or not and, in the case of a unanimous waiver, the letters will be placed on the docket.

The Government had previously requested an extension of the briefing schedule relating to the pending discovery disputes, and a continuance of the pretrial conference scheduled for October 1, 2019 until after the completion of the briefing [50]. The Defendant consented to these continuances. The Court

previously granted the motion [51] but neglected to specifically state that it would continue the pretrial conference.  The Court now clarifies that it **GRANTS** the requested continuance of the pretrial conference until **10:00 am, Monday, November 25th, 2019**, in **Courtroom 1875**.  This continuance is necessary to allow the parties to fully brief the pending discovery disputes, and is now necessary for the additional reason that counsel requires time to consult with the Defendant and to consider whether to execute a waiver as discussed above.  The period from today through November 25, 2019 shall be excluded under the District's Speedy Trial Plan and the Speedy Trial Act, pursuant to 18 U.S.C. 3161(h)(7)(A) and (B)(I) and (iv). The Court finds that the ends of justice served by granting this continuance for the reasons stated above outweigh the best interest of the public and the defendant in a speedy trial.

  **IT IS SO ORDERED** this 30th day of September, 2019.


**JUSTIN S. ANAND**
**UNITED STATES MAGISTRATE JUDGE**

# ATTACHMENT

<u>**Sample Waiver of Disqualification Letter - CRIMINAL CASES**</u>

***NOTICE TO ATTORNEYS: DO NOT E-FILE THIS FORM; SUBMIT DIRECTLY TO THE
CLERK OF COURT***

From:   XXXX XXXX
       [Address]

To:    Clerk of the Court
       United States District Court
       for the _____ District of _____
       [Address]


                                               Date:_____

Re:    United States v. Joe Smith, Case No. _____


Dear <u>Clerk</u>:


    I have consulted with my client(s), _____, concerning the Clerk's Notice that Judge _____ intends to disqualify himself/herself from this case because his /her impartiality might reasonably be questioned. We hereby waive this disqualification. We are willing to proceed forward with Judge _____ presiding.


    Pursuant to Canon 3D of the Code of Conduct, I am submitting this letter to the clerk's office, but I am not copying Judge _____, nor am I copying the other counsel of record or the other parties. [*Defendant's attorney should add*: My client's signature is included below to indicate his/her agreement.]


Yours truly,                         Yours truly,
<u>/s/_____</u>    **[or]**    <u>/s/_____</u>
XXXX XXXX                         XXXX XXXX
Assistant United States Attorney     Attorney of Record, on behalf of:
for the United States of America       <u>[Defendant]____</u>

                                     Agreed:

_____     <u>/s/_____</u>
                                   Client or Client Representative